[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Housatonic Bank, seeks a prejudgment attachment of the interest of the defendant Charlene DeFilippo in the properties known as 50 Highland Avenue, Shelton and Lot #5 Perch Road, Shelton.
The plaintiff alleges in its complaint that defendant Gary DeFilippo has defaulted on his obligation on two notes, the first a demand note in the amount of $115,000 on which monthly interest payments were due, and the second in the amount of $30,000, payable in full on December 2, 1989. The plaintiff claims that Gary DeFilippo conveyed his interest in the family residence at 50 Highland Avenue and his interest in Lot #5, Perch Road, to his wife, defendant Charlene DeFilippo, for less than adequate consideration with the intent of avoiding debts to the plaintiff or hindering collection and that his wife knew of and participated in a transfer that was a fraudulent conveyance.
The defendant adduced evidence to the effect that the note in the amount of $115,000 is secured by a mortgage on a property known as 63 Spring Street in Naugatuck and that it is subordinate only to a mortgage in the amount of $50,000 as to this property, which has been appraised as having a value in September 1990 of $190,000. Together with interest and other charges, the debt claimed as to the first note is $152,394. Interest and other charges bring the amount claimed as to the second note to $35,690.47. The plaintiff CT Page 3074 has instituted a foreclosure action as to the Spring Street property to satisfy the first note (Ex. 1).
As to its application for an attachment of the property of Charlene DeFilippo, it is the plaintiff's burden to establish probable cause as to its claim of fraudulent conveyance, a claim that must ultimately be proven by "clear, precise and unequivocal evidence", a heightened standard of proof. Tyers v. Coma, 214 Conn. 8, 11 (1990); Zapolsky v. Sacks, 191 Conn. 194 (1983).
A party seeking to set aside a conveyance as fraudulent must prove either that (1) the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations, or (2) that the conveyance was made with a fraudulent intent in which the grantee participated. Tyers v. Coma, supra; Bizzocco v. Chinitz, 193 Conn. 304, 312
(1984).
The plaintiff presented evidence that would support to the requisite level a finding that the defendant wife, while not knowledgeable about the exact details of her husband's transactions, was aware that he was engaged in real estate development and was fearful that her home would be exposed to his business problems if he continued to be a record owner of it, and that the motivation for the transfer of his interest to her on October 31, 1990 was her desire to put this asset beyond the reach of his creditors. The conveyances of both properties were made without adequate consideration, and there was no evidence of any pre-existing interfamilial business transaction as in Tyers v. Coma, supra.
The evidence would support a finding that at the time he conveyed his interest in the two properties to his wife, Gary DeFilippo had been in default as to the two notes at issue for about six months and that he had failed in his attempt to obtain refinancing. His failure to make any payments at all on these obligations after April 1, 1990 supports an inference that despite his continued ownership of some other properties, he was unable to meet his obligations at the time he conveyed his interest in 50 Highland Avenue and Lot #5, Perch Road, to his wife. The plaintiff has established probable cause as to both means of proving fraudulent conveyances, and, in view of the circumstances of the existing mortgage lien as to one of the notes at issue, the court therefore authorizes an attachment to the extent of $60,000 of the interest of Charlene DeFilippo in the properties identified.
Accordingly, the court has this date entered an order CT Page 3075 authorizing the real estate attachment sought, in the amount of $60,000.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT