[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on an application for prejudgment attachment of real property.
The plaintiff, First Constitution Bank ("bank"), has filed an action seeking to collect, by foreclosure and by a suit on the note, sums alleged to be due on a promissory note from defendant Lambert Realty Associates and guaranteed by defendants Solomon Reichbind, Edith Reichbind, David Reichbind and Joseph Reichbind. The plaintiff alleges that guarantor Joseph Reichbind fraudulently conveyed property located at 21 North Racebrook Road, Woodbridge, to defendant Amy L. Reichbind.
The bank seeks to attach the property claimed to have been fraudulently conveyed to Amy L. Reichbind. It further seeks to attach the real property of the defendants Solomon Reichbind and Edith Reichbind, located at 20 Robin Road, Woodbridge.
In its complaint, the bank seeks both foreclosure of a mortgage on property located in Orange and recovery on the promissory note secured by that mortgage. As to the count for foreclosure, the plaintiff seeks a deficiency judgment as to the mortgagor and guarantors.
I. Jurisdiction
At the hearing on the application for prejudgment attachment, the defendants asserted that the court lacks subject matter jurisdiction because the complaint was returned to the New Haven CT Page 10060 judicial district rather than to the Milford judicial district, though the property at issue in the foreclosure count is located in Orange.
The correct venue for this action is a matter of contention between the parties.
The property as to which foreclosure is sought in Count Two lies in the Milford judicial district pursuant to 51-345 (b) C.G.S.: however the property which is the subject of the fraudulent conveyance claim in Count Four is located in the New Haven judicial district. Regardless of the determination as to venue, however, the court has subject matter jurisdiction, that is, the power to hear and determine cases of the general class to which the proceedings in question belong. Bank of Babylon v. Quirk, 192 Conn. 447, 449 (1984) Reed v. Reincke, 155 Conn. 591,598 (1967).
Except in certain circumstances in which venue has been construed to be one of the limiting conditions as to an administrative appeal, Farricelli v. Personnel Appeal Board,186 Conn. 198 (1982), an error in choice of venue does not deprive the court of subject matter jurisdiction. Guerriero v. Galasso,144 Conn. 600, 602 (1957). Section 52-19 C.G.S., which made correct venue of foreclosure actions a jurisdictional matter, was repealed in 1978, P.A. 78-280, 126.
Regardless of the proper venue of an action to foreclose a mortgage on the property in Orange, the issues raised in the application before the court involve title to the land in Woodbridge, an issue properly returned to the New Haven judicial district pursuant to 51-345 (b)(3) C.G.S., and the plaintiff's suit on the promissory note, Count One, is likewise properly returned to the New Haven judicial district pursuant to 51-345
(c)(1), as the plaintiff alleges that its place of business is New Haven.
The court has jurisdiction to adjudicate the application for prejudgment attachment of property.
II. Availability of Attachment
The defendants claim that the plaintiff may not at this time resort to the provisions of 52-278b et seq. C.G.S., either as to Count One, in which the plaintiff seeks recovery on the promissory note, or Count Two, in which the plaintiff seeks foreclosure and a deficiency judgment.
The defendants invoke 49-1 and 49-28 C.G.S. The former statute provides, in pertinent part, that "[t]he foreclosure of a CT Page 10061 mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure.
Section 49-28 C.G.S. provides in pertinent part that "[i]f the proceeds of the sale [in a foreclosure by sale] are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause . . .; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate."
Pursuant to these statutes, the plaintiff is plainly precluded from pursuit of Count One, the action on the note, during the pendency of Count Two, the foreclosure action. The plaintiff asserts, however, that it may seek a prejudgment attachment in aid of its anticipated pursuit of a deficiency.
While the Connecticut Supreme Court has stated, as the plaintiff notes, that a plaintiff "is entitled to pursue its remedy at law on the note, or to pursue its remedy in equity upon the mortgage, or to pursue both", Hartford National Bank and Trust Co. v. Kotkin, 185 Conn. 579, 581, 441 A.2d 593, 594 (1981), the Court was careful to mention that the choice of remedies by the mortgagee is restricted by statutes, including 49-1 C.G.S., Kotkin, supra, at 582, n. 3, a clear indication that a mortgagee who resorts to both remedies must do so in the order indicated in49-14 C.G.S., that is, by moving for a deficiency judgment as to the balance due after recovery of the proceeds of foreclosure.
In view of the statutory stay of pursuit of the direct action on the note in Count One, the plaintiff may not at this time seek a prejudgment attachment in aid of that count of its complaint. The issue, then, is whether the bank may attach assets in anticipation of a deficiency as to the foreclosure count.
In Bank of Boston v. Schlesinger, 220 Conn. 152 (1991), the Connecticut Supreme Court reviewed an attachment authorized in a suit on a personal guaranty of promissory notes in a transaction in which a mortgage secured the debt. The defendant in Schlesinger argued that because the value of the mortgaged property exceeded the debt, the creditor should have been precluded from seeking further security in the form of an attachment of other property in a suit on the notes. The defendant took the position that the trial court had failed to give effect to the stay provisions of 49-1 and 49-28 C.G.S., cited above, in granting the application for attachment. The CT Page 10062 Supreme Court ruled that since a foreclosure action had never in fact been returned to court, it was not "pending" within the meaning of 49-28, and that the statute therefore did not present a bar to the availability of an attachment in the suit on the notes. The defendants read Schlesinger as holding that a stay against any application for prejudgment attachment is in effect when there is a foreclosure action pending, even for a prejudgment remedy as to the expected deficiency in the foreclosure action.
Schlesinger did not, however, involve an attachment in a foreclosure action, and the Court cannot be understood to have been deciding an issue not before it, that is, whether a creditor can attach a debtor's property in anticipation of a deficiency in a foreclosure action.
Section 52-278b C.G.S. provides that prejudgment remedies are available in actions at law or equity provided the applicant complies with the provisions of 52-278a C.G.S. The prejudgment remedy statutes prohibit garnishment of earnings but contain no such specific prohibition as to foreclosure actions. Prejudgment remedies are available in both legal and equitable proceedings. England v. England, 184 Conn. 85 (1981).
The defendants contend that the court should, despite the absence of any explicit exception as to foreclosures, create such an exception because the existence of a deficiency is a fact determinable only upon the actual foreclosure sale of the property, when the existence of a deficiency can be fully determined. The prospective nature of the damages does not, however, distinguish the situation from others in which attachments are available. In many kinds of cases in which attachments are sought, the court must determine the likelihood of a judgment in a particular amount that is dependent on many variables. For example, in actions as to dissolution of marriage, a court must determine the likely outcome of a proceeding in which many factors will be considered in the ultimate division of property, yet the remedies of 52-278a et seq. have been held to be available in such proceedings. Atlas Garage Custom Builders, Inc. v. Hurley, 167 Conn. 248 (1974).
As to all applications for prejudgment remedies, the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits by weighing probabilities as to both legal and factual issues. Bank of Boston v. Schlesinger, supra, at 156; New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612,620-21 (1990). Such a review can certainly be performed in a foreclosure action in which a deficiency judgment is alleged to be a prospect. CT Page 10063
As Judge Gaffney did in Centerbank v. B T Realty, 17 CLT 43, p. 931 (September 19, 1991), this court finds that the prejudgment remedy of attachment is available in an action to foreclose a mortgage in which a deficiency judgment is one of the remedies sought in the prayer for relief.
III. Probable Cause
It is undisputed that the bank entered into a commercial revolving loan agreement for $1,400,000.00 with defendant Lambert Realty Associates and that defendants Solomon Reichbind, Edith Reichbind, David Reichbind and Joseph Reichbind guaranteed payment of the note. It is also undisputed that the bank has demanded payment, and that payment has not been made. The court finds that there is an outstanding balance due of $1,379,999.96 plus interest, late charges, and other fees specified in the loan agreement.
The bank and the defendants each presented the testimony of a real estate appraiser as to the value of the property at issue, which some of the defendants purchased in 1988 for $1,050,000.00. Since that time, public sewer service has been furnished to the property, however, the plaintiff's appraiser testified credibly that the value of property situated, as the subject lot is, in the area of the Boston Post Road, has decreased. The court finds that the value of the mortgaged premises is likely to be found to be $1,067,400.00 and that there is likely to be a deficiency of $375,000.00, after considering accruing interest and expenses.
The bank's application is hereby granted to the extent that it may attach in the amount of $375,000.00 the property of Solomon Reichbind and Edith Reichbind known as 20 Robin Road, Woodbridge.
IV. Fraudulent Conveyance
The bank further seeks to attach property to which defendant Amy L. Reichbind now has legal title upon a claim that it was fraudulently conveyed by defendant Joseph Reichbind. In order to establish fraudulent conveyance, a party seeking to set aside the conveyance must prove either that 1) the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations, or 2) that the conveyance was made with a fraudulent intent in which the grantee participated. Tyers v. Coma, 214 Conn. 8, 11 (1990); Bizzocco v. Chinitz, 193 Conn. 304,312 (1984). The standard of proof applicable to a fraudulent conveyance claim is "clear, precise and unequivocal evidence," a heightened standard of proof. Tyers v. Coma, supra; Zapolsky v. Sacks, 191 Conn. 194 (1983).
The plaintiff presented evidence tending to establish that CT Page 10064 the conveyance at issue was without consideration, however the bank did not present any evidence to establish to the requisite level of proof that the transferor was thereby deprived of the means to meet his obligations or that he made the transfer with a fraudulent intent in which the transferee participated.
Accordingly, the application to attach the property at 21 North Racebrook Road is denied, and the only attachment authorized is as to 20 Robin Road, Woodbridge.
Beverly J. Hodgson Judge of the Superior Court