[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is an action arising from a lease between a landlord and a corporate tenant and the personal guaranty of the lease by one Jules Levine, now deceased. The Third-Party plaintiffs and defendants entered into a Stock Purchase Agreement which provided for the sale of the Third-Party plaintiffs' shares in Ethel Allen, Inc. The Third-Party defendants purchased the shares of stock, and obtained accounts receivable and cash on hand and assumed all past and future liabilities not otherwise excluded in the agreement.
In the above-captioned action the Third Party defendants, Jeffrey Meiliken, Pearl Kaminsky, Kathy Saunders, Susan Kaminsky and Brian Kaminsky move to strike the Revised Third Party Complaint dated August 6, 1991 of Nan Meiliken, individually and as Executrix of the Estate of Jules Levine, Craig Levine and Heather Levine.
A motion to strike is designed to test the legal sufficiency of a pleading. Connecticut Practice Book, 1978, section 152; Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545. It admits all facts well pleaded. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. Id., at 545. The court assumes the truth of the allegations contained in the pleading. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2.
In the First Count, the third-party plaintiffs allege a breach of contract citing the third-party defendants' failure to make certain CT Page 1864 payments called for in the Stock Purchase Agreement in the section entitled Purchaser's Rights and Obligations. The court assumes the truth of the allegations contained in the pleading for the purposes of the motion to strike and finds that a cause of action exists.
Similarly, the allegation of contractual indemnification sets forth a cause of action. Connecticut General Statute section 52-102a(a) provides that "(A) defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." See also Connecticut Practice Book, 1978, section 117. The Stock Purchase Agreement provides that "(t)he Purchaser shall indemnify the Shareholders and/or the Decedent's Estate, for any loss . . . suffered by the Shareholders or Decedent's Estate, resulting from, arising out of, or incurred with respect to any and all liabilities and obligations of the Company . . ." Assuming the truth of the allegations, the court finds that a cause of action exists in the Second Count.
The third-party plaintiffs argue that the transaction giving rise to the present action is within the scope of Connecticut General Statute 42-110a et seq. (CUTPA). That statutory scheme provides that "(N)o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110b(a) Trade or commerce is defined in section 42-110a(4) and means "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services of any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
CUTPA, which falls within the purview of the Connecticut Department of Consumer Protection, is designed to protect unwary consumers. Although a single act can be found to constitute a CUTPA violation, a single transaction by someone not otherwise engaged in a business associated with the transaction does not. In the instant case neither Sellers nor Purchasers are alleged to be professionals in the business of selling businesses. They are not unequal parties.
In Keeler v. Deuth et al., 3 CSCR 764 (1988), Judge Healey referred to the Massachusetts Consumer Practices Act, M.G.L.A.C. 93A, Sections 1 et seq. in considering the sale of a business. He found that the Massachusetts law is substantially the same as CUTPA. In Lantner v. Carson, 373 N.E.2d 973, a case involving the sale and purchase of a private residence, the Supreme Judicial Court, Essex, stated that the basic policy of the Massachusetts act was "to regulate business activities with the view to providing . . . a more equitable balance in the relationship to persons conducting business activities." (internal citations omitted) Id at 977. The CT Page 1865 court found that the Massachusetts statute "is not available where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business." Id at 975. It concludes that in private transactions "(B)oth parties have rights and liabilities established under common law principles of contract, tort, and property law. Thus, arming the `consumer' in this circumstance does not serve to equalize the positions of buyer and seller. Rather, it serves to give superior rights to only one of the parties, even though as nonprofessionals both stand on an equal footing." Id at 977.
In the instant case there is no allegation that the parties are professionals in selling businesses. Nonetheless, giving the benefit of CUTPA protection to the Third-Party plaintiffs who are, interestingly, the Sellers, would create an imbalance between the parties; neither was allegedly superior to the other at the time of the transaction, yet one would be accorded superior rights over and above its common-law rights.
The Third-Party defendants urge that this court find CUTPA inappropriate in this case. In Russell v. Dean Whitter Reynolds, Inc.,200 Conn. 172 the court held that the sale of securities does not fall within the ambit of CUTPA citing the statutory scheme of the Connecticut Uniform Securities Act (CUSA) (Conn. Gen. Stat. secs. 36-470
to 36-502) as applicable to the sale of stock. Without more information provided by the allegations, this court is unable to conclude that the CUSA-CUTPA analysis applies to the facts of this case. The Stock Purchase Agreement covers not only the sale of stock, but delineates other rights and responsibilities of the parties. Therefore, this court finds that the subject transaction is the sale of a business between private parties. Accordingly, the motion to strike the Fourth Count is granted.
The Fifth Count alleges a fraudulent conveyance made by Pearl Kaminsky. In Tyers v. Coma, 214 Conn. 8, 11, the court stated that the party seeking to set aside a conveyance as fraudulent bears the burden of proving either that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations or was made with a fraudulent intent in which the grantees, here Susan and Brian Kaminsky, participated. Paragraphs 9 and 10 allege precisely those matters.
Accepting the allegations of the complaint as true, and for the foregoing reasons, the court denies the motion to strike the First, Second and Fifth Counts and grants the motion to strike the Fourth Count.
LEHENY, J. CT Page 1865
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1866