[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#131)
On July 20, 1994, the plaintiff, Pio Bonvicini, filed a three CT Page 2436 count complaint against the defendants, John P. Delay, Mary Ann Delay, and I.C.S., Inc., alleging unjust enrichment and fraudulent conveyance. The defendant John Delay now moves to strike the second and third counts of the complaint. The first count of the complaint is directed to the defendant John Delay. It alleges that the plaintiff was the owner, president and sole stockholder of In-Con Construction Company, Inc. (In-Con), a business construction and construction management company, which in July 1992 became financially unstable due to an inability to collect accounts receivable. At this time, In-Con was effectively put out of business when a creditor obtained a judgment on an unsecured debt. John Delay was a personal friend of the plaintiff who moved up the ranks in In-Con, ultimately becoming a vice president.
The plaintiff and John Delay arranged to form, a new corporation called Industrial Construction Services (ICS) using funds on deposit with MMD, another corporation of which the plaintiff was the owner and sole stockholder. The plaintiff transferred funds from MMD to ICS, which was incorporated with the State of Connecticut with $103,000 of the plaintiff's funds. John Delay was listed as president and sole stockholder because of the plaintiff's potential litigation problems. The plaintiff alleges that the parties agreed that a $42,000 loan by John Delay to In-Con would be treated as being repaid by John Delay's ownership interest in ICS to the extent of $42,000, and that the remaining $61,000 would be considered the plaintiff's share of stock. The parties also agreed that the plaintiff would run ICS behind the scenes, take profits in accordance with the stock ownership, be paid a salary along with John Delay, and seek to obtain clients for ICS by using the contacts he had made at In-Con. At this time the plaintiff had funds transferred into ICS corporate accounts, and also had substantial office equipment, furniture, and furnishings moved into ICS offices, including all of his contact lists, computer systems equipment and software, furniture, power tools, equipment, pickup trucks and other business property. These assets had a combined value of approximately $90,000.
In the fall of 1992, after returning to Connecticut from a trip to Florida on behalf of ICS, the plaintiff discovered that John Delay was no longer actively participating in the operation of ICS. The plaintiff told John Delay to cut payroll and resume a more active role, which Delay refused to do. Instead, John Delay forbid the plaintiff access to ICS offices and records, and CT Page 2437 refused to account to the plaintiff for any income or profits received. As a result, plaintiff alleges he has lost his investment of cash, furniture, equipment, clients lists, and share of profits.
The second count of the complaint is directed at ICS, and incorporates by reference the entire first count and further alleges that the defendant ICS is a repository of funds of the plaintiff, and holds funds of the plaintiff, including capital, retained earnings, and accounts receivable, which should be paid to the plaintiff. In addition, this count alleges that ICS is currently working on a project with Nestle U.S.A., which ICS obtained as a direct result of the plaintiff's efforts. This project, the plaintiff alleges, is expected to gross at least $200,000, of which $120,000 would be the plaintiff's share.
The third count of the complaint is directed to the defendants John Delay and Mary Ann Delay. This count alleges that John Delay, without receiving reasonably equivalent value, conveyed to his Mary Ann Delay, his wife, all of his interests in his home at 17 Otto Drive, Harwinton, Connecticut. The effect of this transfer, the plaintiff alleges, is that the remaining assets of the defendant John Delay are unreasonably small in relation to the businesses in which he was engaged.
The plaintiff seeks monetary damages as well as a decree setting aside the conveyance described in the third count, pursuant to General Statutes Sec. 52-552h. The defendant John Delay now moves to strike both the second and third counts of the complaint. The defendant has attached a memorandum of law in support of his motion to strike. The plaintiff has timely filed a memorandum in opposition.
"The motion to strike, Practice Book, 1978, § 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The motion to strike admits "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham, 182 Conn. 80, 82-83,438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." CT Page 2438Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988).
The defendant argues that the second count of the complaint should be stricken because it merely reiterates the first count and adds no facts that are substantially different. In addition, the defendant argues that the plaintiff, by alleging he is entitled to profits from an uncompleted project, is claiming a right that has failed to accrue and is merely speculative. Therefore, the defendant submits that the second count is premature.
The plaintiff argues that the second count sufficiently states a cause of action of unjust enrichment against the defendant ICS. The plaintiff argues that the allegations of the second count are sufficient since they are directed at a different defendant than the first count. Furthermore, the plaintiff contends that the defendant's assertion that the allegations are merely speculative is not a proper subject for a motion to strike, but would be more properly raise as a denial in the answer.
"The right of recovery for unjust enrichment is equitable, `its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff.'Schleichler v. Schleichler, 120 Conn. 528, 534, 182 A.2d 162
(1935)." National CSS, Inc. v. Stamford, 195 Conn. 587, 597,489 A.2d 1034 (1985). In order for a plaintiff to recover for unjust enrichment, the plaintiff must show "that the defendant was benefitted [benefited], that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff." Burns v. Koellmer, 11 Conn. App. 375,383, 527 A.2d 1210 (1987); Monarch Accounting SuppliesInc. v. Prezioso, 170 Conn. 659, 665-66, 368 A.2d 6 (1976). "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." CecioBros., Inc. v. Greenwich, 156 Conn. 561, 564-65, 244 A.2d 404
(1968).
The second count of the complaint adequately alleges a cause of action for unjust enrichment. This count, which incorporates the allegations of the first count, alleges that the defendant CT Page 2439 ICS has benefitted [benefited] as a repository of the funds contributed by the plaintiff, and that it holds capital, retained earnings, and accounts receivable which should be paid to the plaintiff. While the defendant is correct that the second count substantially incorporates the allegations of the first count, the second count is directed at a different defendant than the first. It also adds allegations that the defendant ICS is holding funds which should be paid to the plaintiff. Furthermore, it alleges that the defendant ICS has obtained a contract as the result of the plaintiff's contacts and negotiations. As such, the second count does not merely reallege the first count since it is directed at a different defendant and makes new allegations of unjust enrichment.
Additionally, the defendant's claim that the second count is speculative and premature is without merit. The defendant bases this argument on the plaintiff's allegation that a contract obtained as a result of the plaintiff's efforts is expected to gross $200,000, a portion of which the plaintiff claims he is entitled. This allegation does not make the plaintiff's entire cause of action against ICS premature or speculative. Instead, this allegation shows the monetary amount of a benefit that ICS is expected to receive as a result of the contract obtained for ICS by the plaintiff. In a motion to strike, the court accepts as true those facts alleged in the complaint and construes them most favorably to the plaintiff. Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 664 (1992). Thus, the court must except as true the factual allegation that ICS is expected to gross $200,000 from this contract. Furthermore, this is not the only allegation of benefits received by ICS; the other allegations in count two of benefits received by ICS support the plaintiff's cause of action for unjust enrichment. The question of whether these allegations are speculative is a question of fact more properly raised in the defendant's answer than on a motion to strike. Therefore, the defendant's motion to strike the second count of the complaint is denied.
The defendant argues that the third count should be stricken because it fails to allege the necessary elements of a cause of action for fraudulent conveyance. The defendant submits that there are two theories of fraudulent conveyance recognized in Connecticut. The defendant contends that the plaintiff has failed to allege the first theory by failing to allege the necessary element of an inability of the defendant to meet its obligations. The defendant alleges that the plaintiff has failed to meet the CT Page 2440 second cause of action by failing to allege fraudulent intent in which the grantee participated.
The plaintiff argues that the third count is sufficient because the plaintiff has alleged that the conveyance resulted in the defendant's remaining assets being unreasonably small in relation to his business activities.
"The party seeking to set aside a conveyance as fraudulent bears the burden of proving either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated. Bizzoco v. Chinitz, 193 Conn. 304, 312,476 A.2d 572 (1984); Zapolsky v. Sacks, 191 Conn. 194, 200, 464 A.2d 30
(1983)." Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186 (1990).
The plaintiff has failed to plead a sufficient cause of action for fraudulent conveyance. In the third count of the complaint, the plaintiff attempts to plead the first type of fraudulent conveyance, "that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations." Tyers v. Coma, supra. The plaintiff, however, does not allege that the conveyance rendered the defendant unable to meet his obligations. Instead, the plaintiff alleges that the effect of the conveyance was that the defendant's remaining assets are unreasonably small in relation to the businesses in which he is engaged. This allegation does not allege sufficient facts to show that the conveyance rendered the defendant unable to meet his obligations. On a motion to strike "those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham, supra, 182 Conn. 80,82-83. In this case, it cannot be necessarily implied from this allegation that the defendant is unable to meet his obligations. Even though the defendant's assets may be unreasonably small in relation the businesses in which he is engaged, it does not necessarily follow that he is unable to meet his obligations. Instead, further factual allegations are required to sufficiently allege that the conveyance rendered the defendant unable to meet his obligations. Since there simply is no allegation that the conveyance has rendered the defendant unable to meet his obligations to the plaintiff or anyone else, the third count does not sufficiently allege a cause of action for fraudulent conveyance. Therefore, the motion to strike the third count of the complaint is granted. CT Page 2441
For these reasons, the defendant's motion to strike the second count of the complaint is denied, and the motion to strike the third count of the complaint is granted.
PICKETT, J.