[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter proceeded on a second count alleging that the defendant Charles Liberti was guilty of a fraudulent conveyance. The plaintiff alleges that he conveyed real estate known as 79 CT Page 1585 Center Street in West Haven to his brother, Thomas Liberti, without consideration and "at the time of said conveyance, the defendant Charles A. Liberti was unable to pay his debt to the plaintiff as it matured and made such conveyance for the purpose of depriving the plaintiff of the debt due to him."
Upon the conclusion of the plaintiff's case, the defendants moved for judgment in their favor, arguing that the plaintiff had not made out a prima facie case. The court felt obliged to reserve decision on the motion because the plaintiff had moved that judicial notice be taken of nine files of this court. Rather than recess while the files were examined, the trial was concluded with the understanding that this motion would be addressed and if denied, the Court would arrange a briefing schedule with counsel.
 I.
The pertinent statute dealing with fraudulent conveyances is now the Uniform Fraudulent Transfer Act, § 52-552, et seq., effective October 1, 1991. However, as this transfer was made in 1989, the applicable law is General Statutes (Rev. to 1989), § 52-552
in effect at that time. Tyler v. Schnebel, 34 Conn. App. 216,220-221 (1994).
 "Under that statute, a party seeking to set aside a conveyance as fraudulent must prove "either: (1) that the conveyance was made without substantial consideration and render the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated." Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186 (1990); Bizzoco v. Chinitz, 193 Conn. 304, 312, 476 A.2d 572 (1984); Zapolsky v. Sacks, 191 Conn. 194, 200, 464 A.2d 30 (1983). The party seeking to set aside the conveyance need not satisfy both alternatives. Tyers v. Coma, supra 11; Bizzoco v. Chinitz, supra, 312."
Id. at 221.
II.
CT Page 1586
There was an admission by Charles Liberti that there was no consideration for the transfer in question, made on or about February 9, 1989. However, the plaintiff was also obliged to show that the conveyance "rendered the transferor unable to meet his obligations; . . ." There was no evidence offered to prove that
The plaintiff testified that the defendant paid on the note in question for the months of January, February, March April of 1989. Thus, for some period of time after February 9, he paid on the debt owed the plaintiff. The defendant also testified that during 1989 he had in the bank between $50,000 to $100,000, though some of his many partners in real estate holdings were presenting him with problems via their inability to make payments to the partnership.
The Court has examined the nine files of which it was requested to take judicial notice. The defendant Charles Liberti was a defendant in all case. Of the nine, only one was returnable in 1989, that one on December 19. Four were returned to court in February and March of 1990, three in 1991, and one in 1994.
The Court finds no admissions by the plaintiff that lend support to the plaintiff's case. Similarly, no judgment examined indicates his financial status in February of 1989.
The plaintiff would have the Court take judicial notice of the allegations of the various complaints. This the Court declines to do for several reasons, not the least of which is that it invites the "trial" of nine additional matters, since the defendant must be afforded an opportunity to contradict or explain these allegations.Drabik v. East Lyme, 234 Conn. 390, 398 (1995).
The Court concludes that the plaintiff has not proved that this transfer rendered the defendant unable to meet his obligations.
 III.
The plaintiff could also prevail in this case had he proved that the conveyance was made with a fraudulent intent in which thegrantee participated. (§ 52-552, supra, emphasis added).
The plaintiff offered no testimony as to the defendant grantee except that he was the brother of the defendant transferor, Charles Liberti. The Court cannot speculate or provide missing CT Page 1587 ingredients and must therefore find that the plaintiff has failed, to meet his burden of proof in this particular also.
CONCLUSION
The defendants' motion should be granted and judgment may enter for the defendants Charles A. Liberti and Thomas Liberti.
Anthony V. DeMayo State Trial Referee