[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 27, 1998, the plaintiff, Arlene N. Bopko, commenced a divorce proceeding against the defendant, Richard H. Bopko. The law firm of Milhaly Kascak represented Richard Bopko for approximately six months in the underlying divorce proceeding, until it subsequently withdrew its representation in April of 1999. On or about May 3, 2000, the plaintiff impleaded George A. Bopko as an additional defendant. In her amended complaint filed June 1, 2000, the plaintiff alleged in the third count that Richard Bopko fraudulently conveyed property to George Bopko, with the intent of depriving the plaintiff of her equitable interest in the property or hindering the property's equitable division in an action for dissolution of marriage.
The plaintiff now moves to disqualify the law firm of Milhaly 
Kascak, through its attorney, Serge Milhaly, retained by George Bopko, on the grounds that Attorney Milhaly will likely be called as a fact witness at trial, that Attorney Milhaly's testimony will be necessary at trial, and that the firm has previously represented Richard Bopko in this action.[1] The plaintiff has filed a memorandum of law in support of her motion to disqualify, and George Bopko has filed a memorandum in opposition to the plaintiff's motion.
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court." State v. Jones,180 Conn. 443, 448, 429 A.2d 936 (1980). "[T]he Superior Court has broad discretionary power to determine whether an attorney should be disqualified . . . Id. "The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary. . . ." (Internal quotation marks omitted.) Gregg v. Case, Superior Court, judicial district of New Britain, Docket No. 478441 (January 26, 1999, Robinson, J.) (23 Conn.L.Rptr. 694, 695).
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information." (Internal quotation marks omitted.) Bergeron v. Mackler, 225 Conn. 391, 397, 623 A.2d 489 (1993). "In disqualification matters, however, [the court] must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime CT Page 13698 counsel's specialized knowledge of its operations." (Citation omitted; internal quotation marks omitted.) Id., 397-98. The court has "rejected the notion that an `appearance of impropriety' [is] alone a sufficient ground for disqualifying an attorney." Id., 399.
The plaintiff argues that Attorney Milhaly will likely be called as a fact witness at trial and that Attorney Milhaly's testimony will be necessary at trial. Specifically, the plaintiff argues that Attorney Milhaly was professionally involved in the transaction, witnessed the deed of transfer and took Richard Bopko's acknowledgment thereon. The plaintiff further contends that the firm should be disqualified for previously representing Richard Bopko in the same action.
George Bopko argues that the plaintiff lacks standing to have Attorney Milhaly disqualified and that, even if the interests of the defendants are antagonistic, the defendants waived Attorney Milhaly's representation of George Bopko, in light of his prior representation of Richard Bopko. George Bopko contends that Attorney Milhaly cannot be forced to testify regarding confidential client information and further argues that Attorney Milhaly is the one responsible for determining if there is a conflict of interest and whether he should withdraw from representing George Bopko.
In Mascia v. Faulkner, Superior Court, judicial district of New Haven at New Haven, Docket No. 349036 (July 5, 1994, Fracasse, J.) (12 Conn.L.Rptr. 122, 123), the court observed that "[i]n the representation of co-defendants the rules recognize that an impermissible conflict may exist by reason of a substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." In that case, however, there was no indication in the defendant's objection to the motion that they consented to representation after being consulted regarding potential conflicts. Id., 123. Here, the defendants have clearly indicated, through affidavits, that they consent to the representation even after they were consulted by Attorney Milhaly regarding possible conflicts.[2] "Waiver is a valid basis for denying a motion to disqualify when a former client knowingly refrains from promptly asserting its objection to an attorney representing an opposing party on the ground of conflict of interest."Talcott Mountain Science Center for Student Involvement, Inc. v. AbingtonLtd. Partnership, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549521 (January 28, 1997, Aurigemma, J.).
"Disqualification may [also] be required . . . when it is likely that the testimony to be given by the witness is necessary." (Internal quotation marks omitted.) Command Electric, Inc. v. Manousos, Superior CT Page 13699 Court, judicial district of Hartford, Docket No. 560381 (April 14, 1997,Aurigemma, J.) (19 Conn.L.Rptr. 294, 295). Rule 3.7, Lawyer as Witness, of the Rules of Professional Conduct provides in pertinent part: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client."
"An attorney is not absolutely prohibited from testifying on behalf of a client, but should only do so when the testimony concerns a formal matter, or the need for the testimony arises from an exigency not reasonably foreseeable." Enquire Printing Publishing Co. v. O'Reilly,193 Conn. 370, 376, 477 A.2d 648 (1984). "[W]henever counsel for a clientreasonably foresees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case." (Emphasis added; internal quotation marks omitted.) Id. "Where . . . an attorney does not withdraw, a court exercising its supervisory power can enforce the mandate of [Rule 3.7] and disqualify the attorney." (Internal quotation marks omitted.) Id.
"Testimony may be relevant and even highly useful but still not strictly necessary." (Internal quotation marks omitted.) CommandElectric, Inc. v. Manousos, supra, 19 Conn.L.Rptr. 295. "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." (Internal quotation marks omitted.) Id. "[T]he mere statement that the attorney `will be a necessary party witness' [would] not support [the] motion." Id.
In Fredericks v. Fortin, Superior Court, judicial district of New Haven at New Haven, Docket No. 282910 (December 30, 1994, Hadden, J.) (13 Conn.L.Rptr. 234), a suit arising out of the sale of stock of a corporation, the court determined that, despite the presence of four other people during the closing, "[h]e was the only attorney present, and since the evidence will concern what he did and said, he is a necessary witness." Id. The court further noted that the attorney's testimony related to a contested issue and was not related to the nature and value of legal services. Id.
Further, in Command Electric, Inc. v. Manousos, supra,19 Conn.L.Rptr. 294, a suit arising out of an alleged fraudulent conveyance of interest in properties, the plaintiff moved to disqualify the defendant's counsel on the grounds that the attorney's testimony would be necessary at trial and that the plaintiff intended to call the attorney as a CT Page 13700 witness. Id., 294-95. The court observed that "a plaintiff in an action for fraudulent conveyance must often prove his case solely through the testimony of the defendants and the documents within the defendants' possession and control." Id., 296.
"Whether the conveyance in question was fraudulent is purely a question of fact." Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186 (1990). "Fraudulent intent must be proved, if at all, by clear, precise and unequivocal evidence." (Internal quotation marks omitted.) Id. "[T]he determination of the question of fraudulent intent is clearly an issue of fact which must often be inferred from surrounding circumstances. . . . Such a fact is, then, not ordinarily proven by direct evidence, but rather, by inference from other facts proven — the indicia or badges of fraud." (Internal quotation marks omitted.) Dietter v.Dietter, 54 Conn. App. 481, 487, 737 A.2d 926, cert. denied,252 Conn. 906, 743 A.2d 617 (1999).
In this case, if Attorney Milhaly is not disqualified, the plaintiff will have to prove her case solely through the testimony of the Richard Bopko and George Bopko and their documents. The plaintiff, in her motion and supporting memorandum, states that Attorney Milhaly will likely be called as a fact witness at trial with regard to the underlying real property transfer, because he was professionally involved in the transaction, witnessed the deed of transfer and took Richard Bopko's acknowledgment thereon. The plaintiff, therefore, argues that the attorney's testimony is foreseeable and of extreme importance to all parties in this case.
Attorney Milhaly'5 testimony is necessary, due to the allegations of fraudulent conveyance with regard to the transfer of the property in the plaintiff's amended complaint. Attorney Milhaly's testimony relates to a contested issue and is not related to the nature and value of legal services. Fredericks v. Fortin, supra, 13 Conn.L.Rptr. 234. It is reasonably foreseeable that Attorney Milhaly will be called to testify with regard to his role in witnessing the deed of transfer and taking Richard Bopko's acknowledgment. Enquire Printing Publishing Co. v.O'Reilly, supra, 193 Conn. 376. Further, the plaintiff filed the motion to disqualify approximately two months after George Bopko was impleaded into this action and, therefore, any hardship to George Bopko in obtaining the services of another attorney or firm would be minimal.Command Electric, Inc. v. Manousos, supra, 19 Conn.L.Rptr. 296.
Attorney Milhaly is a necessary witness in this action. The plaintiff's motion to disqualify is granted.
THOMAS G. WEST, J. CT Page 13701