[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is a result of an action returned to this court on November 8, 1994 wherein the plaintiff in the present action sought to collect on two notes, with May Industries Corp. being the maker and a Tony Branca and the defendant in this action, Yuly Aronson the guarantors on said note. By trial stipulation dated January 30, 2002 in the present matter it was agreed that paragraph 2 of the present complaint is true. Said paragraph reads:
 "At all times hereinafter mentioned the defendant, CT Page 6707 Yuly Aronson, hereinafter referred to as the defendant owner, was indebted to the plaintiff in the sum of six thousand two hundred twelve dollars and thirty nine cents ($6,212.39) for judgment rendered in the Superior Court in Bridgeport, Connecticut on July 15, 1998."
This debt was the result of the guarantee given by Yuly Aronson to the plaintiff on October 25, 1993.
At the time that Yuly Aronson gave this guarantee, there is no evidence in the record of the value of any assets that were in his name.
On January 19, 1996 and presumably for some period prior thereto, Irma Aronson, wife of Yuly Aronson, was the sole owner of a residence at 174 Clay Hill road in Stamford, Connecticut. On said date in accordance with a Declaration of Trust (Pltf's Ex. 1) Irma Aronson as settlor, conveyed said real property to the Irma Aronson — Irrevocable Trust, with Irma Aronson and Yuly Aronson as trustees. Except in his capacity as trustee, there is no evidence that Yuly Aronson as an individual ever had a fee interest in this property.
In July of 1999 the trustee's of said trust sold the Stamford residence and purchased a residence known as 78 Easton Road, Westport, Connecticut. To accomplish this, a loan application was made for a $300,000.00 mortgage to purchase the Westport property for $696,000.00. In order to get the mortgage, the mortgagee insisted that title to the Westport residence be in the name of Yuly Aronson and Irma Aronson individually prior to the execution of the $300,000 mortgage. To comply with that condition the deed from the seller was to the Aronsons, individually. That deed was recorded on July 16, 1999 at 2:21 p.m. A subsequent Quit Claim deed by the Aronsons to the Irrevocable Trust was recorded on July 16, 1999 at 2:24 p.m. Presumably the mortgage deed from the Aronsons to the mortgagee was recorded between 2:21 p.m. and 2:24 p.m. It is the conveyance of the Westport property by Yuly Aronson back to the Irrevocable Trust that is claimed by the plaintiff to be a fraudulent conveyance.
The standards to determine the validity of a fraudulent conveyance claim are set out in the case of Farrell v. Farrell, 36 Conn. App. 305 at the bottom of page 309.
 "`A party who seeks to set aside a conveyance as fraudulent bears the burden of proving that the conveyance was made without substantial consideration and that, as a result, the transferor was unable to CT Page 6708 meet his obligations (constructive fraud) or that the conveyance was made with fraudulent intent in which the transferee participated (actual fraud).' Tessitore v. Tessitore, 31 Conn. App. 40, 42623 A.2d 496 (1993). `A fraudulent conveyance must be proven by clear and convincing evidence.' Id., 43. Whether a conveyance is fraudulent is purely a question of fact. Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186
(1990)."
On a technical basis, Yuly Aronson had a brief ownership of the Westport property. The sources of the funds for that brief ownership were the proceeds of the Stamford property, with no evidence that Yuly Aronson had at anytime a fee interest therein, the proceeds of the mortgage for $300,000.00 and cash, the source of which is not connected to Yuly Aronson. In addition at the time that the plaintiff sought the guarantee of Yuly Aronson, the strength of that guarantee was not based on the ownership of the Stamford property, since as stated above, there is no evidence that Yuly Aronson had a fee interest in the Stamford property.
This court is of the opinion that the conveyance of the Westport property was not made without substantial consideration, since there has been no showing that any assets of Yuly Aronson were part of the conveyance. His role was that of a strawman. There is no proof of intentional fraud, since the meeting of the technical requirements of the mortgagee does not rise to a suggestion of intentional fraud.
For the foregoing reasons, judgment may enter for the defendants.
 ____________________ STODOLINK, J.T.R.