[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 29, 1995, the plaintiff, DeSarbo Reichert, P.C., filed a two-count amended complaint against the defendant, William Cardow. The plaintiff alleges breach of contract in both counts. The amended complaint contains the following facts.
The plaintiff is a professional corporation of attorneys licensed to practice law in Connecticut. On February 1, 1994, the defendant met with the plaintiff's attorneys and discussed having the plaintiff perform some estate planning for the defendant. The plaintiff alleges that the defendant verbally offered to hire the plaintiff and that the plaintiff accepted this offer in return for a fee of approximately $2,500. On March 7, 1994, the plaintiff completed all of the defendant's estate planning needs and mailed all of the necessary documents to the defendant. On March 25, 1994, the plaintiff provided the defendant with an invoice and bill for its services in the sum of $2,500. The defendant has, to this date, refused to pay the defendant for the above services.
On February 14, 1996, the defendant filed a motion to disqualify Attorney Robert Mercer-Falkoff from representing the plaintiff in the case. Falkoff is an attorney in the plaintiff's law firm. According to the defendant's motion, Falkoff is a material witness in the matter and therefore, cannot act as the plaintiff's advocate under the Rules of Professional Conduct. Furthermore, the defendant claims that the plaintiff, a professional corporation, is representing itself because Falkoff, who is a member of the firm, is representing the plaintiff. Thus, the defendant argues that since corporations cannot engage in the practice of law in Connecticut, the plaintiff's entire firm must be disqualified from representing itself. The defendant also claims that the court should disqualify Falkoff because a conflict of interest exists.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397
(1993). "The party moving to disqualify opposing counsel bears the burden of proof." (Internal quotation marks omitted.) Cooney Bainer. P.C. v. Milum, Superior Court, judicial district of New Haven at Meriden, Docket No. 246558 (June 20, 1995, Silbert, J.,14 Conn. L. Rptr. 426, 428).
I.
CT Page 2636
The defendant argues that Falkoff must be disqualified under Rule 3.7 because he is a material witness in the matter. "At issue in the case, therefore, is whether [Falkoff] himself is likely to be a necessary witness and, if so, whether he falls within any of the exceptions to the Rule." Cooney Bainer. P.C.v. Milum, Superior Court, judicial district of New Haven at Meriden, Docket No. 246558 (June 20, 1995, Silbert, J.,14 Conn. L. Rptr. 426, 427). "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." Id., 428. "There is a dual test for necessity. First the proposed testimony must be relevant and material. Second, it must be unobtainable elsewhere." Id. "Testimony may be relevant and even highly useful but still not strictly necessary." Id.
The defendant has not provided the court with any proof indicating that Falkoff worked directly for or on the defendant's file. The plaintiff indicates in its memorandum of law in opposition to the motion to disqualify that Falkoff merely provided draft documents to Attorney D. Richard DeSarbo and that DeSarbo dealt with the defendant and has direct knowledge of the services rendered to the defendant. The plaintiff also states that all communications with the defendant took place with DeSarbo only. Accordingly, all information pertaining to the value of the services rendered can be obtained through DeSarbo. Therefore, Falkoff's testimony is not necessary in this case because any information held by Falkoff can be obtained by other means. Since Falkoff's testimony in the case is not necessary, Rule 3.7 will not be violated if Falkoff represents the plaintiff.
The defendant also argues that the plaintiff's law firm should not be permitted to represent itself in this matter because the members of the firm will have to testify. The firm is not representing itself in this matter. Rather, Falkoff has individually filed an appearance for the firm. Accordingly, the court does not grant the defendant's motion to disqualify based on a violation of Rule 3.7 because Falkoff is not a material witness and because Falkoff is representing the plaintiff in his individual capacity. Falkoff, however, has not filed his juris number on the appearance form. The court, therefore, directs Falkoff to place his own juris number on any further matters filed with the court.
II.
CT Page 2637
The defendant also argues that Falkoff should be disqualified because he is a member of the law firm and this firm is a professional corporation. According to the defendant, corporations in Connecticut may not enter pro se appearances. Therefore, the defendant indicates that Falkoff and the plaintiff have violated Practice Book § 64 and the rule regarding the prohibition on corporations entering pro se appearances.
"The practice of law is open only to individuals proved to the satisfaction of the court to possess sufficient general knowledge and adequate special qualifications as to learning in the law and to be of good moral character . . . . It demands on the part of the attorney undivided allegiance, a conspicuous degree of faithfulness and disinterestedness, absolute integrity and utter renunciation of every personal advantage conflicting in any way directly or indirectly with the interests of his client . . . . Artificial creations such as corporations . . . cannot meet these prerequisites and therefore cannot engage in the practice of law." State Bar Assn. v. Connecticut Bank TrustCo., 145 Conn. 222, 234 (1958). "The concerns expressed by the court in State Bar Assn. are not present where the corporation was formed for the specific purpose of providing legal services, and where the members are licensed attorneys bound by the Rules of Professional Conduct." Cooney Bainer, P.C. v. Milum,
Superior Court, judicial district of New Haven at Meriden, Docket No. 246558 (June 20, 1995, Silbert, J., 14 Conn. L. Rptr. 426, 429).
In the present case, Falkoff has filed an appearance indicating that he is representing the plaintiff in his individual capacity. Furthermore, the plaintiff is a professional corporation "formed for the specific purpose of providing legal services . . . ." Id. Accordingly, the prohibition set forth inState Bar Assn. v. Connecticut Bank Trust Co. does not apply to this case. Therefore, the court will not grant the defendant's motion to disqualify on this ground.
 III.
The defendant also states that the court should disqualify Falkoff because of a conflict of interest. "Rule 1.7 applies to situations where representation of one client will be directly adverse or materially limited by the attorney's responsibilities to another [existing] client or to a third person or by the CT Page 2638 lawyer's own interests." Cooney Bainer, P.C. v. Milum, Superior Court, judicial district of New Haven at Meriden, Docket No. 246558 (June 20, 1995, Silbert, J., 14 Conn. L. Rptr. 426, 428-29). "Rule 1.9(a) prohibits representation if the interests of a current client are materially adverse to the interests of the former client and the two matters of client representation are the same or substantially related." Id. "This case presents none of these scenarios. The only connection between this case and the plaintiff's prior representation of the defendant is the matter of the allegedly unpaid fees, and this is not the kind of substantial relationship contemplated by the Rule." Id. Accordingly, the court will not grant the defendant's motion to disqualify on conflict of interest grounds.
For the foregoing reasons the court denies the defendant's motion to disqualify Attorney Mercer-Falkoff from representing the plaintiff in this case.
Freedman, J.