[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion to Disqualify
The plaintiff, Norbert Mayer, filed a one-count complaint against the defendants, Biafore, Florek O'Neill and Martin O'Neill. The plaintiff alleges that the defendants were negligent in handling an underinsured motorist claim the plaintiff was pursuing after he was involved in an automobile accident on or about March 31, 1989. Specifically, the plaintiff alleges that the defendants failed to bring a lawsuit for underinsured motorist benefits under the plaintiff's insurance policy within the prescribed time. The plaintiff further alleges that as a result of this negligence, the plaintiff has now lost any underinsured claims he might have had.
The defendants now move to disqualify attorneys Robert Sheldon and Douglas Mahoney and the law firm Tremont Sheldon P.C. as plaintiff's counsel. The defendants argue that Sheldon and Mahoney will be necessary witnesses at the trial of this matter due to their active participation in the underlying litigation from which the present legal malpractice case arises. Sheldon and Mahoney have filed an objection to the motion to disqualify. The matter was heard by the court on October 26, 1998.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys. . . . Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct, which were approved by the judges of the Superior Court and which superseded the Code of Professional Responsibility." (Citations omitted.) Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993).
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is CT Page 2046 disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) Id., 397-98. "The party moving to disqualify opposing counsel bears the burden of proof." Cooney Bainer, P.C. v. Milum, Superior Court, judicial district of New Haven at Meriden, Docket No. 246558 (June 20, 1995, Silbert, J.) (14 Conn. L. Rptr. 426, 428), aff'd, 48 Conn. App. 916,713 A.2d 921 (1998).
The defendants argue that Sheldon and Mahoney must be disqualified because their testimony is necessary to the litigation of the malpractice case. "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. . . . There is a dual test for necessity. First the proposed testimony must be relevant and material. Second, it must be unobtainable elsewhere. . . . Testimony may be relevant and even highly useful but still not strictly necessary." (Citations omitted.) Desarbo Reichert v. Cardow, Superior Court, judicial district of New Haven at New Haven, Docket No. 360368 (March 22, 1996, Freedman, J.) (16 Conn. L. Rptr. 386, 387).
The running of the statute of limitations is not determined by the action or inaction of counsel, other than the actual institution of the suit. The applicable statute of limitation runs like a train on a track, and is not dependent upon whether the prior case was in the hands on one or more separate attorneys. Rather, whether at any given time the statute of limitations has run is dependent upon only one fact — whether suit has been instituted and when. This fact can be determined by checking the complaint, and specifically, the date of service. Therefore, the court is not convinced that it would be necessary for the plaintiff to call Sheldon or Mahoney as witnesses at the malpractice trial.
Furthermore, this court will afford the plaintiff every opportunity to select and retain counsel of his choosing where at all feasible. The court notes that the firm of Tremont Sheldon, P.C. has served as the plaintiff's attorney since April of 1995, CT Page 2047 and recognizes that a strong attorney-client relationship is likely to have developed within that time.
Therefore the fact that Sheldon and Mahoney are not necessary witnesses and respecting the plaintiff's right to choose his own counsel, the court denies the defendants' motion to disqualify Attorneys Sheldon and Mahoney and the firm of Tremont Sheldon, P.C.
Skolnick, J.