[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
The defendants have moved to disqualify the plaintiff's attorney, Paul W. Smith, pursuant to Rule 3.7 of the Rules of Professional Conduct because they claim Attorney Smith must be called as a witness at trial.
This action stems from a purported agreement in which the plaintiff claims that the defendants promised him a five percent interest in Tek Electronics Manufacturing Corporation. ("Tek"). The plaintiff and the defendant, Mark Matheny ("Matheny"), were both previously employed by an entity known as Eastern Electronics Manufacturing Corporation ("Eastern"). In August 1984 the plaintiff left Eastern and accepted a position with Tek. Thereafter, the plaintiff, Matheny, and others were sued by Eastern for their alleged use of Eastern's trade secrets (the "Eastern Litigation"). Attorney Wayne Gerlt and Attorney Smith represented the plaintiff, Matheny and others in the Eastern Litigation. The parties dispute whether Attorney Smith acted as lead attorney in the litigation. The defendants claim that Attorney Smith acquired substantial confidential knowledge regarding the incorporation and ownership of Tek during the course of his activities in the Eastern Litigation. However, the defendants have not based their Motion to Disqualify on Attorney Smith's prior representation of Matheny.
Instead, the defendants have based their Motion to Disqualify on the following facts: During the courts of his representation of Matheny and Tek in the Eastern Litigation, Attorney Smith received from Attorney Gerlt a letter dated March 26, 1985 and an attached draft Trial Memorandum. The Trial Memorandum contained the following language:
 Later in the year Matheny and Cappello discussed the possibility of setting up their own business to compete within the electronics industry. They contacted Matheny's attorney, who was also the attorney of the principal of Eastern Electronics Manufacturing Corporation and he referred then to a friend of his, who is a practicing attorney planning to merge his practice with that of Attorney Gold and they were incorporated as TEK ELECTRONICS with Matheny owning 85% and Cappello CT Page 1659 owning 15% of the new venture.
The defendants took the deposition of Attorney Smith in this case and appended a portion of the transcript of that deposition to this Motion. At the deposition Attorney Smith denied any independent recollection of receiving the Trial Memorandum, although he did admit that he must have received it. The defendants presented no evidence as to Attorney Smith's knowledge of the facts alleged in the Trial Memorandum.
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court." State v. Jones, 180 Conn. 443, 448 (1980), appeal after remand,193 Conn. 70 (1984). Attorney conduct is also regulated by the Rules of Professional Conduct, Rules 1.1-8.5. The Superior Court has a duty to enforce those rules. See e.g., State v. Jones,180 Conn. at 448 (referring to the Code of Professional Responsibility and Canons of Ethics, the predecessors of the current rules). The Superior Court has broad discretionary power in ruling upon a motion to disqualify. State v. Jones, 180 Conn. at 448. Flanagan v. Kohary, 17 CLT 16 (March 18, 1991, Dorsey, J.).
Rule 3. 7, Lawyer As Witness, of the Rules of Professional Conduct provides in pertinent part:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
 Whether a witness `ought' to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the CT Page 1660 significance of the matters, weight of the testimony and availability of other evidence.
Tropical Suntan Centers, Inc. v. Salvati, 1 CTLR 497, 498 (April 12, 1990, Meadow, J.), quoting S S Hotel Ventures Limited Partnership v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46 (1987), see also Keoseian v. Von Kaulbach, 707 F. Sup. 50, 154 (S.D.N.Y. 1989). In Tropical Suntan Centers, the Superior Court held that the defendant had failed to satisfy his burden of proof upon his motion to disqualify opposing counsel.
In DeMarco v. Fire Command, Inc., 2 CTLR 101 (July 27, 1990, Downey, J.), the court also addressed the issue of whether a party's attorney could testify as a witness. The court in DeMarco denied the plaintiff's motion to disqualify opposing counsel on the ground that the plaintiff failed to show that opposing counsel's testimony would be "genuinely needed." DeMarco, 2 CTLR at 102, citing Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,248-49. The court stated that the mere statement that the attorney "will be a necessary party witness" did not support this motion. Id.
The defendants have failed to show that the testimony of Attorney Smith is genuinely needed. If their goal is to establish that an attorney who represented the plaintiff took a position concerning the ownership of Tek that is contrary to the position maintained by the plaintiff in this suit, then they can call Attorney Gerlt as a witness at trial. Furthermore, the defendants have shown only that Attorney Smith received the draft Trial Memorandum authored by Attorney Gerlt. In the absence of any evidence as to Attorney Smith's expected testimony concerning the facts alleged in the Trial Memorandum, that showing alone is equivocal at best and does not establish that Attorney Smith's testimony is genuinely needed in order to defend against the claims of the plaintiff.
Rule 3.7(a)(3) also fails to warrant the disqualification of Attorney Smith because such disqualification, at this late stage in the proceedings, would work substantial hardship on the plaintiff. At the commencement of this litigation Matheny was aware that Attorney Smith had represented him in the Eastern Litigation. Yet, he has waited over two and one half years since that date to bring this Motion. Matheny has attempted to explain his delay by claiming that he did not fully develop the facts on which this Motion is based until he took the deposition of Attorney Smith. CT Page 1661 However, more than nine months intervened between the time of Smith's deposition and the filing of this Motion.
In summary, the court denies the Motion to Disqualify Attorney Smith because the defendants have not established that his testimony is genuinely necessary in the trial of this action and because the granting of the Motion, which was filed more than two and one half years after the commencement of the action, would work substantial hardship on the plaintiff.
By the Court, _________________ Aurigemma, J.