[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'SCOUNSEL
This motion to disqualify plaintiff's counsel is based on a claim by the defendant that he intends to call plaintiff's attorney, Charles A. Sherwood, as a necessary witness in this case. The plaintiff objects, claiming that Mr. Sherwood is not a necessary witness and that to require the plaintiff to obtain a new attorney at this late date would be a substantial hardship. The court held an evidentiary hearing on the motion on December 5, 1994.
The suit arises out of the sale of all of the stock of a corporation including inventory, fixtures, assets, leasehold interests and good will by the defendant to the plaintiff. The corporation, Lite Styles, Inc. was engaged in the business of selling lighting fixtures and similar electrical devices. The sale was finally consummated at a closing held on November 30, 1987 when an agreement was signed by the parties.
In attendance at the closing were he plaintiff, the defendant, Mr. Sherwood representing the plaintiff, Robert Bishop, who was supplying the funds for the purchase to the plaintiff, and John Matteis who was the manager of the defendant's store. The defendant seller may have indicated prior to the closing that he would have an attorney but he was unrepresented at the closing.
One of the disputed areas in this case is whether or not certain oral statements were made at the closing by the parties to the agreement or by Mr. Sherwood concerning various financial documents. The failure of the defendant to produce various financial records is among the various claims made in the complaint by the plaintiff. The defendant claims that: at the closing he agreed to produce financial records at a later date if he had any, while the plaintiff claims that the defendant did not mention at the closing that there was a possibility that he did not have such records. There is also a dispute between the parties concerning the precise role of Mr. Sherwood at the closing insofar as to what he said or did not say to the defendant with respect to the meaning of certain portions of the agreement.
Rule 3.7(a) of the Rules of Professional Conduct provides as follows:
 A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: CT Page 12879
1) The testimony relates to an uncontested issue;
 2) The testimony related to the nature and value of legal services rendered in the case; or
 3) Disqualification of the lawyer would work substantial hardship on the client.
The testimony of Mr. Sherwood does relate to a contested issue and is not related to the nature and value of legal services. The plaintiff claims that there were four other people present during the closing and therefore Mr. Sherwood's testimony is not necessary. The court is of the opinion that in view of the allegations by the defendant with respect to what took place at the closing and Mr. Sherwood's role in it, which is denied by the plaintiff, that merely because other participants in the closing may be able to recall what took place, does not make Mr. Sherwood's testimony unnecessary. He was the only attorney present, and since the evidence will concern what he did and said, he is a necessary witness.
The plaintiff also claims that the disqualification would work substantial hardship on him at this late date. The defendant filed an identical motion on April 18, 1989, which was the return day of the summons and complaint. The court (Purtill, J.) denied the motion without prejudice on May 3, 1989 on the basis that it will only become important at the trial and the matter had only recently been returned to court. In addition the court: noted that factual issues were raised which would require an evidentiary hearing.
This court has now held an evidentiary hearing and, among other things, has heard the claims of hardship by the plaintiff if she is forced to obtain new counsel at this point. It is not necessary to discuss them in detail. The court does not believe that the disqualification of Mr. Sherwood will work "substantial" hardship on the plaintiff. The factual and legal issues in this case are not particularly complicated and another attorney could become familiar with them very quickly.
Accordingly, for the reasons above stated, the motion to disqualify is granted. CT Page 12880