[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO DISQUALIFY #156
On October 14, 1993, the plaintiffs; Stanton L. Whitney and Connecticut Insurance Services, Inc.; filed a three count amended complaint against the defendants, Edward Capullo d/b/a Capullo Corporate Services (Capullo) and Aegis Security Insurance Co. (Aegis). Count one alleges that Aegis committed fraud and misrepresentation against the plaintiffs. Count two alleges that Capullo intentionally interfered with the plaintiffs' prospective contractual relations. Count three alleges that Capullo diverted corporate opportunities from the plaintiffs.
On June 12, 1995, Aegis filed a motion to disqualify or to disclose a "Mary Carter" agreement. On May 16, 1995, the plaintiffs' filed an objection to Aegis's motion.
Only the plaintiffs' attorney, Attorney Anthony Slez, submitted an affidavit. The court therefore, is utilizing Slez's representations, which are not contested, in deciding the motion to disqualify.
According to the affidavit, on April 16, 1993, Slez deposed Capullo, who was not represented by counsel at the time.[1]
Before starting the deposition, attorney Slez spoke with Capullo in his office. Slez told Capullo that the plaintiffs would limit Capullo's liability in the case to only one dollar and, in return, the plaintiffs expected (1) an open, candid and truthful deposition and (2) a minimal defense. Attorney Slez states that "[t]he substance of pre-deposition conversation with Capullo was made known to Robert Nicola, attorney for Aegis insurance, on, or about, May 3, 1993 over two years ago." (Affidavit, paragraph 37.)
The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys. Bergeron v. Mackler, 225 Conn. 391, 397, CT Page 7638623 A.2d 489 (1993).
In its motion to disqualify, Aegis argues that the court should disqualify Attorney Slez because he will be called as a witness to testify to the Mary Carter agreement. Aegis argues that Slez's testimony "will have a strong bearing on the credibility of several witnesses." Aegis contends that Professional Rule of Conduct 3.7 prohibits an attorney from representing a party in a matter in which the attorney will be called as a witness.
In their objection to the motion to disqualify, the plaintiffs present two arguments with regard to why Attorney Slez should remain their attorney.[2] First, the plaintiffs argue that the testimony that Aegis intends to offer through Attorney Slez is within an exception to Professional Rule of Conduct 3.7, Second, the plaintiffs argue that Aegis's motion to disqualify is intended to harass, to vex and to intimidate the plaintiffs and the plaintiffs' attorney, rather than to eliminate a prejudice. Professional Rule of Conduct 3.7 states:
"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
(3) Disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9"
The comment to paragraph (a)(3) aids the interpretation of the rule. The comment states that:
 paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the CT Page 7639 lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client. It is relevent that one or both parties could reasonably foresee that the lawyer would probably be a witness.
Professional Rule of Conduct 3.7, comment.
It appears to the court that the disqualification of Slez would work a substantial hardship on the plaintiffs. Aegis has known about the substance of the conversation between Slez and Capullo for approximately two years before filing its motion to disqualify Slez. During those two years, the parties have conducted discovery and taken the depositions of witnesses in many states. To disqualify the plaintiffs' attorney at this juncture would delay the trial in order to permit new attorneys to familiarize themselves with the case. See Brand v. Matheny,9 CSCR 247 (February 14, 1994, Aurigemma, J.) (denying a motion to disqualify, in part, because the moving party waited two and half years before filing the motion to disqualify.)
"Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." Brandy. Matheny, supra,9 CSCR 247, 247.
Although the finding of prejudice alone supports the court's decision to deny the motion of disqualify, the court may also consider the applicability of the exceptions to Rule 3.7. Here, the court finds that Slez's testimony concerning the Mary Carter agreement is within the third exception to Rule 3.7. Aegis appears to want to call Slez as a witness to impeach Capullo's testimony by showing that Capullo had agreed, at one point, to make Aegis entirely responsible for the plaintiffs' injuries. It is entirely probable that Slez's testimony may not be necessary because Capullo may well testify to his agreement with Slez and Slez's testimony would be unnecessarily duplicative.
Accordingly, for the reasons cited the motion to disqualify CT Page 7640 is denied.
Aegis, alternatively, requests that the agreement between Slez and Capullo be disclosed to the jury.
"The motion in limine is not formally recognized by our statutes or rules of practices, and has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial." (Emphasis added.) Richmondv. Long, 27 Conn. App. 30, 36, 604 A.2d 374 (1992). "Given the interlocutory nature of these motions [in limine] it makes more sense in terms of encouraging an intelligent decisional process to have one judge — the trial judge — hear these preliminary matters, continue to live with his or her decision as the case progresses and the evidence develops, and reserve the right to change the ruling previously made if fairness indicates this would be the best course." TCR Manchester I Limited Partnershipv. Board of Tax Review, 11 Conn. L. Rptr. 233, 234 (March 7, 1994, Corradino, J.)
Aegis's alternative proposal — for the agreement to be disclosed to the jury — is in the nature of a motion in limine. The court, therefore, will reserve any decision on the admissibility of the agreement to the trial court judge who will be more familiar with the issue presented. The court does note, however, for the convenience of the parties and the trial court judge, that the annotation at 22 A.L.R.5th 483 seems to favor disclosing Mary Carter agreements to the jury. However. the court has not been presented with any Connecticut case and the annotation is not binding.
In summary, the court denies the motion to disqualify and renders no ruling on the request to order disclosure of the "Mary Carter" agreement to the jury.
BY THE COURT MAIOCCO, JUDGE