[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR DISQUALIFICATION OFPLAINTIFF'S COUNSEL
FACTUAL BACKGROUND
On December 1, 1994, the plaintiff, Mary Jane Patchell, filed a three-count complaint against the defendants, The Automobile Insurance Company (AIC), and Deborah Fiducia, arising out of Patchell's claim for underinsured motorist coverage.[1] Patchell alleges that she was injured in an automobile accident, that she filed a timely claim for underinsured motorist benefits with AIC, but that AIC breached the "contract (policy) of insurance" by failing to provide benefits for her uncompensated damages. (Count One). She also alleges that Fiducia, the claims adjuster, made an unfair, unreasonable settlement offer that breached an implied covenant of good faith and fair dealing, and that she suffered emotional distress "as a result of the defendants' refusal to settle the plaintiff's claim in a timely fashion." (Count Two). Patchell further alleges that, "[a]s a claimed basis for said offer of settlement[,]" Fiducia stated to Patchell's attorney, Douglas J. Apicella, "that the plaintiff was able to get pregnant and that she had done things to get pregnant." Patchell claims that this statement constitutes an intentional infliction of emotional distress because "said defendant knew, or should have known, that the plaintiff had unfortunately suffered a miscarriage, resulting in the loss of her child whom she had anxiously awaited." (Count Three).
On April 18, 1995, AIC filed a motion to disqualify Patchell's counsel, Attorney Anthony Apicella and Attorney Douglas Apicella, and Patchell filed an objection to this motion on May 2, 1995. The parties argued the matter before the court at short calendar on May 8, 1995.
AIC moves to disqualify Attorneys Anthony and Douglas Apicella on the basis that Douglas Apicella is a potential defendant and probable witness in the case, because Anthony Apicella is a potential defendant with respect to count two of the complaint, and CT Page 9762 because the continued representation of Patchell by these attorneys would violate the Rules of Professional Conduct 1.7(b) and 3.7(a).
Specifically, AIC observes that Patchell claims to have suffered damages from a delay in resolving her claim, but that it was Patchell's own counsel that did nothing to resolve her underinsured insurance claim for nearly five years. AIC argues that the inaction of Patchell's counsel renders them potentially liable for damages suffered by Patchell due to the delay, and that AIC intends to cite in Patchell's counsel as a defendant for apportionment purposes. AIC contends that Patchell's counsel will then be in the position of representing Patchell in an action in which they are defendants, "in direct conflict with the interests of their client." (AIC's Memorandum, p. 4). AIC further observes that Patchell alleges that Fiducia made certain comments to Patchell's counsel when Patchell was not present, and that Patchell's attorney "then communicated these comments directly to the plaintiff and that she suffered emotional distress as a result." (AIC's Memorandum, p. 6). AIC emphasizes that "[b]oth defendants will dispute that such comments were made." (AIC's Memorandum, p. 6). AIC concludes that Patchell's counsel will have to testify, and, "by virtue of the plaintiff's attorney communicating the alleged statements to the plaintiff, the attorneys will once again have to be cited-in as an additional defendant." (AIC's Memorandum, p. 7).
Patchell counters that "[u]nder the facts of this case, the Rules of Professional Conduct do not support this defendant's motion to disqualify by opposing defendant-counsel unless the movant satisfies his burden of proof, under Rule 3.7(a)(3), that disqualification would not work a substantial hardship on the client." (Patchell's Memorandum, p. 15). Patchell maintains that AIC has failed to present the requisite evidentiary proof that disqualification "would not work a substantial hardship upon the plaintiff; nor even the semblance of required evidentiary proof that it (the defendant) would suffer prejudice if such disqualification did not occur; nor any evidentiary proof that there is a `compelling need' for plaintiff's counsel to testify, i.e., his testimony would conflict with other witnesses; and that his testimony, even if relevant, is not merely cumulative and therefore not necessary." (Patchell's Memorandum, p. 15).
DISCUSSION
"The trial court has the authority to regulate the conduct of CT Page 9763 attorneys and has a duty to enforce the standard of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993). "Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct, which were approved by the judges of the Superior Court and which superseded the code of Professional Responsibility." Id. "The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Id.
Disqualification of an attorney "is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information." (Internal quotation marks omitted.) Bergeron v. Mackler, supra,225 Conn. 397. In matters concerning disqualification, however, the court "must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations." (Citations omitted; internal quotation marks omitted.) Id., 397-98. In the motion to disqualify, therefore, the competing interests are: "(1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely electing counsel of their choice; and (3) the public's interest in the scrupulous administration of justice . . . ." (Citations omitted.) Id., 398.
A. Plaintiff's Attorneys as Potential Defendants
Rule 1.7(b) of the Rules of Professional Conduct provides that "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved."
The Rules of Professional Conduct recognize the potential for conflicts in an attorney's representation of co-parties because "of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of CT Page 9764 the claims or liabilities in question." Rules of Professional Conduct, Rule 1.7, Comment: Conflicts in Litigation. "Because these conflicts exist in the case of co-defendants, they can only be exacerbated by a co-defendant serving as counsel for the other defendants." Mascia v. Faulkner, Superior Court, judicial district of New Haven at New Haven, Docket No. 349036 (July 5, 1994, Fracasse, J.).
"[B]efore permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." Close, Jensen Miller v. Lomangino, Superior Court, judicial district of Tolland at Rockville, Docket No. 48419 (March 10, 1995, Klaczak, J.).
In the present case, AIC contends that Patchell's attorneys are potentially liable for failing to resolve Patchell's underinsured insurance claim for almost five years, and for "intentionally communicating the alleged `outrageous' comments to the plaintiff which caused her alleged distress." (AIC's Memorandum, p. 7). AIC maintains that it intends "to cite plaintiff's counsel into the case as a necessary defendant for purposes of apportionment. When this occurs, the plaintiff's attorneys will be in the position of representing the plaintiff in an action in which they themselves are defendants, in direct conflict with the interests of their client." (Emphasis added.) (AIC's Memorandum, p. 4).
Ordinarily, "[r]esolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation." Rules of Professional Conduct, Rule 1.7, Comment:Conflict Charged by an Opposing Party. "Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment." Id.
In the present case, AIC moves to disqualify Patchell's attorneys on the ground that it intends to cite them in as party defendants. Viewing AIC's motion in a cautionary light, the court must deny the motion with respect to this ground on the basis that it is premature and speculative. The possibility of a conflict will arise only at such time as AIC actually moves to cite in Patchell's counsel as defendants, and only at such time as a court CT Page 9765 grants the motion to cite in.
B. Plaintiff's Attorneys as Potential Witnesses
Rule 3.7(a) of the Rules of Professional Conduct provides that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client."
"Whether a witness ought to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." (Internal quotation marks omitted.) Brand v. Matheny, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 389922 (February 14, 1994, 9 CSCR 247, Aurigemma, J.). In addition, "[a] party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony . . . There is a dual test for necessity. First, the proposed testimony must be relevant and material. Second, it must be unobtainable elsewhere." (Internal quotation marks omitted.)Tropical Suntan Ctrs. Inc. v. Salvati, Superior Court, judicial district of Ansonia-Milford, Docket No. 031092 (April 12, 1990,1 Conn. L. Rptr. 497, Meadow, J.).
In determining whether an attorney must be disqualified, a court may hold an evidentiary hearing. See, e.g., Fredericks v.Fortin, Superior Court, judicial district of New Haven at New Haven, Docket No. 282910 (December 30, 1994, 13 Conn. L. Rptr. 234, Hadden, J.). In Fredericks v. Fortin, the defendant filed a motion to disqualify plaintiff's attorney in an action arising out of the sale of a corporation's stock. Whether plaintiff's attorney made certain statements, and his precise role at the closing which consummated the sale, were among the disputed issues in the case. The court observed that the defendant previously had filed an identical motion, but that the court reviewing the earlier motion (Purtill, J.), had denied that motion without prejudice because "it CT Page 9766 will only become important at the trial and the matter had only recently been returned to court . . . . and factual issues were raised which would require an evidentiary hearing." Id.
The court, Hadden, J., conducted an evidentiary hearing and determined that the testimony of the plaintiff's attorney related to a contested issue, "and since the evidence will concern what he did and said, he is a necessary witness." The court further determined that the disqualification would not work a substantial hardship on the plaintiff because the factual and legal issues in the case were "not particularly complicated and another attorney could become familiar with them very quickly." Id.
In the present case, the current state of the pleadings and the lack of an evidentiary hearing militate against granting the motion to disqualify at this time.
Patchell alleges in count three that she suffered emotional distress as a result of an "extreme and outrageous" statement made by Fiducia to Patchell's attorney. AIC contends that "[b]othdefendants will dispute that such comments were made[,]" that without the testimony of Patchell's attorney, Patchell cannot prove her case, and that the attorney is a necessary witness and will have to testify at trial. (Emphasis added.) (AIC's Memorandum, p. 6). With respect to AIC's motion to disqualify, the plaintiff had served a subpoena upon the defendant Fiducia, informing her that her testimony was required for the short calendar hearing on the motion, and commanding her to bring certain documents. Fiducia filed a motion to quash the subpoena, objecting, in part, on the basis that her testimony was not required for a determination of the motion to disqualify. Fiducia argued that "[t]he Motion to Disqualify Attorney Apicella is based on the obvious grounds that he was the medium through which Ms. Fiducia's statement was published to the plaintiff." (Motion to Quash, p. 2). This court granted the motion to quash at the May 8, 1995 short calendar. Thus, it is not yet clear exactly what issues are in dispute, or as to what issues the defendants expect Patchell's counsel to testify.
Accordingly, this court cannot conclude at this early stage of the proceedings, and in the absence of evidence, whether it will be necessary for Patchell's counsel to testify with respect to a contested issue, or whether Patchell would face substantial hardship if she is forced to obtain new counsel. See Spina v.Negrucci, Superior Court, judicial district of Fairfield at CT Page 9767 Bridgeport, Docket No. 301063 (May 8, 1995, Thim, J.) (based upon the lack of an evidentiary record, court could not conclude that attorney would be a necessary witness on a contested issue).
In addition, both AIC and Fiducia have filed motions to strike count three of the complaint. The motions are made, in part, on the basis that a plaintiff cannot recover for emotional distress caused by an alleged verbal statement when such statement was made to a third party, rather than to the plaintiff, and when the statements allegedly were made in the context of settlement negotiations. (See AIC's Motion to Strike, Docket #130; Fiducia's Motion to Strike, Docket #136). It does not appear that these motions have been acted upon by the court. If a court subsequently grants these motions, however, Patchell's emotional distress claim based upon Fiducia's alleged statement to Patchell's counsel would be stricken, and the issue of Patchell's counsel appearing to testify concerning a material matter would be moot.
CONCLUSION
Based on the forgoing, the Defendant's Motion For Disqualification of Plaintiff's Counsel (#135) is denied without prejudice to renew.
So ordered.
Michael Hartmere Judge of the Superior Court