[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 14, 1997
The plaintiff, Command Electric, Inc. has moved to disqualify the counsel for the defendant, Stella Manousos, Attorney Richard A. Case, on the grounds that the testimony of Attorney Case will be necessary at trial and the plaintiff intends to call Attorney Case as a witness.
The Amended Complaint dated June 27, 1996 alleges that while the defendant, Stathis Manousos, owed money to the plaintiff pursuant to a judgment of this court entered on December 19, 1994, in the amount of $26,147.00, Stathis Manousos fraudulently conveyed his interest in two separate properties to his wife, the defendant, Lisa Ingriselli and to his mother, the defendant, Stella Manousos, for inadequate consideration with the intent to hinder or defraud his creditors. Attorney Case represented Mr. Manousos as well as Ms. Ingriselli and Mrs. Manousos in CT Page 3634 connection with the transfers of the aforementioned properties.
In support of this Motion to Disqualify the plaintiff has submitted excerpts of the transcript of the proceedings in which Mr. Manousos was examined as a judgment debtor. In that transcript Mr. Manousos stated that Attorney Case had a much better recollection of his financial affairs and real estate transactions than did he. The statements of Attorney Case made in the course of that examination also support the conclusion that his recall of the assets and transactions of Mr. Manousos is far superior to that of his client.
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court."State v. Jones, 180 Conn. 443, 448 (1980), appeal after remand,193 Conn. 70 (1984). Attorney conduct is also regulated by the Rules of Professional Conduct, Rules 1.1-8.5. The Superior Court has a duty to enforce those rules. See e.g., State v. Jones,180 Conn. at 448 (referring to the Code of Professional Responsibility and Canons of Ethics, the predecessors of the current rules). The Superior Court has broad discretionary power in ruling upon a motion to disqualify. State v. Jones,180 Conn. at 448. Flanagan v. Kohary, 3 CONN. L. RPTR. 371, 17 CLT 16
(March 18, 1991, Dorsey, J.).
Rule 3. 7, Lawyer As Witness, of the Rules of Professional Conduct provides in pertinent part:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
"Whether a witness `ought' to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but CT Page 3635 still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." TropicalSuntan Centers, Inc. v. Salvati, 1 CONN. L. RPTR. 497, 498 (April 12, 1990) (Meadow, J.), quoting S S Hotel Ventures LimitedPartnership v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46 (1987), see also Keoseian v. Von Kaulbach, 707 F. Sup. 50, 154 (S.D.N Y 1989).
In Tropical Suntan Centers, the Superior Court held that the defendant had failed to satisfy his burden of proof upon his motion to disqualify opposing counsel. In DeMarco v. FireCommand, Inc., 2 CONN. L. RPTR. 159 (July 27, 1990) (Downey, J.), the court also addressed the issue of whether a party's attorney could testify as a witness. The court in DeMarco denied the plaintiff's motion to disqualify opposing counsel on the ground that the plaintiff failed to show that opposing counsel's testimony would be "genuinely needed." DeMarco,2 CONN. L. RPTR. at 159, citing Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 248-49. The court stated that the mere statement that the attorney "will be a necessary party witness" did not support this motion. Id.
The court reached a similar result in Brand v. Matheny,
No. 1994 Ct. Sup. 1657, 9 CSCR 247 CV91-0389922S (Feb. 14, 1994, Aurigemma, J). The bases for the denial of the motion to disqualify in Brand were 1) that it was unclear what testimony the attorney in question could offer that would be relevant to the case; 2) there was another witness who appeared to have better knowledge of the matters which were to be the subject of the attorney's testimony and 3) the motion to disqualify was not filed until two and a half years after the action was commenced.
In Fredericks v. Fortin, No. CV89-282910,13 CONN. L. RPTR. 234, 1994 Ct. Sup. 12877 (Dec. 30, 1994, Hadden, J.), a suit arising from the sale of a corporation, defendant's counsel sought to disqualify the plaintiff's counsel who had represented the plaintiff at the closing of the sale of the corporation on the basis that he was a necessary witness. Statements made at the closing were at issue in the suit. After reviewing Rule 3.7 the court in Fredericks granted the motion to disqualify and stated:
 The testimony of Mr. Sherwood [plaintiff's attorney] does relate to a contested issue and is not related to the nature and value of legal services. The plaintiff CT Page 3636 claims that there were four other people present during the closing and therefore Mr. Sherwood's testimony is not necessary. The court is of the opinion that in view of the allegations by the defendant with respect to what took place at the closing and Mr. Sherwood's role in it, which is denied by the plaintiff, that merely because other participants in the closing may be able to recall what took place, does not make Mr. Sherwood's testimony unnecessary. He was the only attorney present, and since the evidence will concern what he did and said, he is a necessary witness.
The court in Fredericks also noted that the defendant had initially moved for disqualification very shortly after the case was commenced and that the suit did not involve complex legal issues.
"Whether the conveyance in question was fraudulent is purely a question of fact . . . Fraudulent intent must be proved, if at all, by clear, precise and unequivocal evidence . . ." (Citations omitted; internal quotation marks omitted.) Tyers v. Coma,214 Conn. 8, 11, 570 A.2d 186 (1990). "The determination of the question of fraudulent intent is clearly an issue of fact which must often be inferred from surrounding circumstances . . . Such a fact is then, not ordinarily proven by direct evidence, but rather, by inference from other facts proven — the indicia or badges of fraud." (Citations omitted; internal quotation marks omitted.) Zapolsky v. Sacks, 191 Conn. 194, 200, 464 A.2d 30
(1983). 200; Tyers v. Coma, supra.
Unlike actions for personal injury where the plaintiff generally has personal knowledge of the pertinent facts, a plaintiff in an action for fraudulent conveyance must often prove his case solely through the testimony of the defendants and the documents within the defendants' possession or control. In this case the testimony of Attorney Case will be necessary because Mr. Manousos has little or no recollection of many of the material facts. The Motion to Disqualify was filed within three months after the return date. The case is less than one year old and another attorney would have ample time to become familiar with the case prior to trial. The hardship to the defendant, Mrs. Manousos, is, therefore, minimal.
For the foregoing reasons the Motion to Disqualify is CT Page 3637 granted.
AURIGEMMA, J.