[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, David M. Somers Associates, P.C., is a professional corporation engaged in the practice of law. It brought this action against the defendant, Ruth Kendall, seeking to foreclose upon a $425,000 open-end mortgage deed that Kendall granted to Somers as security for legal fees and service in her dissolution action. Somers also seeks a deficiency judgment and immediate possession of the premises. Kendall has CT Page 3132-bf filed an answer with six special defenses and has also filed six counterclaims against Somers.[1]
Kendall now moves to disqualify Somers' counsel, Mark H. Dean, on the ground that he will be a necessary witness in this action. Kendall has filed a memorandum of law in support of her motion to disqualify, and Somers has filed a memorandum in opposition.
"[B]efore permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." (Emphasis added.) Close, Jensen Miller v. Lomangino, Superior Court, judicial district of Tolland at Rockville, Docket No. 48419 (March 10, 1995, Klaczak, J.).
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. . . ." (Citations omitted; internal quotation marks omitted.) Bergeron v. Mackler, 225 Conn. 391,397-98, 623 A.2d 489 (1993).
Rule 3.7 of the Rules of Professional Conduct, entitled "Lawyer as Witness," provides the framework for disqualification where counsel is a necessary witness: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."
Kendall argues that Attorney Dean will be called as a witness to testify to numerous issues relevant to Somers' complaint and her special CT Page 3132-bg defenses and counterclaims. She further argues that "[w]ithout the testimony of the plaintiff's attorney, Mark Dean, a trier of fact will be unable to make an informed decision regarding the merits of the parties' claims." (Kendall's Memorandum, p. 5.[2])
Somers objects to Kendall's motion to disqualify on the ground that Attorney Dean is not a necessary witness to this action. Specifically, Somers argues that merely stating an intention to call opposing counsel as a witness is insufficient; independent evidence is required to determine whether counsel's testimony is truly necessary, and Kendall has not submitted such proof.
If the court finds it likely that the testimony of Attorney Dean will indeed be necessary, disqualification may be required. See Bopko v.Bopko, Superior Court, judicial district of Waterbury, Docket No. 149148 (November 8, 2000, West, J.) (28 Conn. L. Rptr. 557); Command Electric,Inc. v. Manousos, Superior Court, judicial district of Hartford, Docket No. 560381 (April 14, 1997, Aurigemma, J.) (19 Conn. L. Rptr. 294). Nevertheless, "[t]estimony may be relevant and even highly useful but still not strictly necessary. . . . A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. . . . [T]he mere statement that the attorney will be a necessary party witness [would] not support [the] motion." (Brackets in original; citations omitted; internal quotation marks omitted.) Bopko v. Bopko, supra, 28 Conn. L. Rptr. 557; see also Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,248-49, 520 A.2d 1008 (1987). A strong showing that the testimony of the opposing attorney is truly necessary is required before the court may grant a motion to disqualify opposing counsel. See Tropical SuntanCenters, Inc. v. Salvati, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031092 (April 12, 1990, Meadow,J.) (1 Conn. L. Rptr. 497); DeMarco v. Fire Command, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 297381 (July 27, 1990, Downey, J.) (2 Conn. L. Rptr. 101).
"In determining whether an attorney must be disqualified, a court may hold an evidentiary hearing." Patchell v. Automobile Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 368147 (August, 30, 1994, Hartmere, J.), citing, e.g., Fredericks v. Fortin, Superior Court, judicial district of New Haven at New Haven, Docket No. 282910 (December, 30, 1994, Hadden, J.) (13 Conn. L. Rptr. 234). Here, as in Patchell, supra, the current state of the pleadings and the lack of an evidentiary hearing militate against the granting of Kendall's motion to disqualify. Relying solely upon the arguments presented in her CT Page 3132-bh memorandum, Kendall simply fails to persuade the court that Dean's testimony is truly necessary. Accordingly, the motion to disqualify is denied without prejudice.
Judgment may enter accordingly,
Foley, J.