[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY #109
The defendant, the Zoning Board of Appeals of the town of Wilton, has moved to disqualify Robert A. Fuller (Fuller) from representing the plaintiff in this case on the grounds that: (1) the representation violates Rule 1.9 of the Rules of Professional Conduct because Fuller formerly represented the town of Wilton, as town counsel, in connection with the same property and same issue involved in this case, and the town of Wilton has not consented to Fuller's representation of the plaintiff in this case; and (2) the documents and/or testimony arising from Fuller's prior representation may be presented in the trial of this case, in violation of Rules 1.6[1] and 3.7 of the Rules of Professional Conduct. On September 11, 2001, during a hearing held by this court, the parties were provided with an opportunity to present oral arguments and evidence in support of their respective positions.
A brief summary of the background of this case is useful to an understanding of the issues raised by the motion presently before this court. The plaintiff, Nick P. Nicholas, is the owner of a parcel of land located at 92 Hulda Hill Road in Wilton, Connecticut. (Appeal, ¶ 1.) The subject property contains 2.104 acres located in a two acre residential zone, and is shown as Lot No. 1 on the subdivision map #2829, approved by Planning and Zoning Commission for the town of Wilton in 1969. (Appeal, ¶ 2.) On September 20, 1999, the plaintiff applied for a zoning permit to build a single family residence on the subject property. (Appeal, ¶ 4.) On September 23, 1999, the zoning enforcement officer, relying on a legal opinion provided by the town's land use counsel, denied the application on the ground that the parcel was not a valid building lot. (Appeal, ¶ 5.)
Prior to the plaintiff's purchase of Lot No. 1, however, in an opinion letter drafted in 1975, the plaintiff's present attorney, Robert A. Fuller, then town counsel, advised the town planner that a permit could be issued on the lot in accordance with various sections of the zoning regulations in effect at that time, and furthermore, advised the town planner that if that it was impossible for the property owner to comply with certain regulations, the town could not validly deny the owner use of the property. (Appeal, ¶ 8; Plaintiff's Exh. B, 1975 Opinion letter.) In July of 1986, Fuller resigned from his position as town counsel for the town of Wilton and has not since represented the town of Wilton in any capacity. (Fuller Affid., ¶ 2.)
On October 21, 1999, the plaintiff filed an appeal of the zoning enforcement officer's decision with the Zoning Board of Appeals of the town of Wilton. (Appeal, ¶ 9.) A public hearing was held on December 20, 1999. (Appeal, ¶ 10.) Fuller was present at the hearing and provided testimony in relation to the 1975 opinion letter he rendered CT Page 12823 while serving as town counsel. (Appeal, ¶ 12; Fuller Affid., ¶ 12.) On January 19, 2000, the board denied the appeal on the ground that the subdivision lot was not a valid lot. (Appeal ¶ 13.) The plaintiff now appeals the decision of the board, the defendant herein, and asserts that it acted illegally, arbitrarily, and in abuse of its discretion. (Appeal, ¶ 16.) Fuller is the plaintiff's counsel in this case, the appeal of the board's decision. (Fuller Affid., ¶ 13.)
In its memorandum, the defendant argues that the plaintiff's interests are adverse to Fuller's former client's interests. Moreover, the defendant argues that the present matter is the same or at least substantially related to Fuller's prior representation, inasmuch as this case and Fuller's 1975 opinion letter both deal with the same piece of property and the same issue of whether or not that property is a buildable lot. Furthermore, the defendant argues that the scope of Rule 1.9 of the Rules of Professional Conduct[2] is not limited to situations where the lawyer might disclose privileged information received from the former client. Rather, the defendant contends that unless the former client consents, Rule 1.9 is a blanket prohibition that applies regardless of whether the lawyer now states that he relied on public records or documents. Consequently, the defendant requests that Fuller be disqualified from serving as the plaintiff's counsel in this case.
In response, Fuller argues that the similarity in the subject matter of the present litigation and the 1975 opinion letter is insufficient, by itself, to provide a basis for his disqualification. Fuller contends that the 1975 opinion letter was not a confidential document and has been part of the public record since it was rendered, and was not based on any confidential information obtained by him while serving as town counsel. Fuller also maintains that Rule 1.9 is not as sweeping as the defendant contends and requires the court to make its determination based on the facts of each case. Thus, Fuller concludes that the facts of this case do not warrant his disqualification.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys. . . . Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct, which were approved by the judges of the Superior Court and which superseded the Code of Professional Responsibility. . . . The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." (Citations omitted.) Bergeronv. Mackler, 225 Conn. 391, 397, 623 A.2d 489 (1993). "Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we CT Page 12824 must be solicitous of a client's right freely to choose his counsel, . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) Id., 397-98. The mere appearance of impropriety, however, "will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." Id.
Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. The rule states, in relevant part, that: "A lawyer who has formerly represented a client in a matter shall not thereafter: (1) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation. . . ." Furthermore, the Commentary to Rule 1.9 states, in relevant part, "The scope of a `matter' for purposes of subdivision (1) may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. . . . The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question. . . . Information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client. However, the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client."
In the present case, this court has considered the relationship between Fuller's representation of the defendant as town counsel for the town of Wilton several years ago, and his representation of the plaintiff against the defendant, the Zoning Board of Appeals of the town of Wilton, in this appeal. In balancing the competing interests at stake in this case, this court notes that the defendant does not allege that it divulged any confidential information to Fuller. This court finds that twenty-six years have passed since Fuller authored the opinion letter for the town of Wilton, at a time when the town was not in an adversarial position with respect to the subject property. This court finds that fifteen years have gone by since Fuller severed his relationship with the defendant. Furthermore, this court finds that the public's interest in the CT Page 12825 scrupulous administration of justice will not be compromised by Fuller's continued representation of the plaintiff in this case. Consequently, this court finds that in this case, the plaintiff's interest in the free selection of the counsel of his choice outweighs the defendant's interest in protecting confidential information. See Bergeron v. Mackler, supra,225 Conn. 391, 397-98; see also St. Germain v. St. Germain, Superior Court, judicial district of Windham at Putnam, Docket No. 062662 (May 15, 2000, Potter, J.) (court denied motion to disqualify plaintiff's attorney for violation of Rule 1.9, finding plaintiff's interest in retaining counsel of choice outweighed defendant's interest in confidentiality, where defendant did not allege that he divulged any confidential information to plaintiff's attorney and twelve years had passed since attorney severed relationship with defendant's firm). Accordingly, this court finds that Fuller's prior representation of the defendant does not provide a sufficient relationship to the facts surrounding this present matter to warrant his disqualification pursuant to Rule 1.9.
Next, the defendant asserts that Rule 3.7 prohibits a lawyer from acting as an advocate at trial where the lawyer is likely to be a necessary witness, except under limited circumstances not applicable here. The defendant asserts that Fuller has already provided testimony in relation to this matter in the past, on December 20, 1999, at the public hearing held by the Zoning Board of Appeals of the town of Wilton. The defendant argues that Fuller's continued representation of the plaintiff may result in a violation of Rule 3.7 of the Rules of Professional Conduct.
In response, Fuller argues that speculation as to a possible future violation of Rule 3.7 is not a valid ground for his disqualification. Fuller maintains that Rule 3.7 is not applicable in this case, as he does not intend to testify on any issue in this case.
Rule 3.7 provides the framework for disqualification where counsel is likely to be called as a necessary witness in the present litigation.[3]
If this court finds it likely that Fuller's testimony will indeed be necessary, disqualification may be required. See Somers Associates v.Kendall, Superior Court, judicial district of Windham at Putnam, Docket No. 064478 (February 23, 2001, Foley, J.); Bopko v. Bopko, Superior Court, judicial district of Waterbury, Docket No. 149148 (November 8, 2000, West, J.) (28 Conn. L. Rptr. 557); Command Electric, Inc. v.Manousos, Superior Court, judicial district of Hartford, Docket No. 560381 (April 14, 1997, Aurigemma, J.) (19 Conn. L. Rptr. 294). Nevertheless, "[t]estimony may be relevant and even highly useful but still not strictly necessary. . . . A finding of necessity takes into account such factors as the significance of the matters, weight of the CT Page 12826 testimony and availability of other evidence. . . . [T]he mere statement that the attorney will be a necessary party witness [would] not support [the] motion." (Brackets in original; citations omitted; internal quotation marks omitted.) Somers Associates v. Kendall, supra, Superior Court, Docket No. 064478; Bopko v. Bopko, supra, 28 Conn. L. Rptr. 557. A strong showing that the testimony of the opposing attorney is truly necessary is required before the court may grant a motion to disqualify opposing counsel. Somers Associates v. Kendall, supra, Docket No. 064478; DeMarco v. Fire Command, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 297381 (July 27, 1990, Downey, J.) (2 Conn. L. Rptr. 101). In this case, the defendant simply fails to persuade this court that Fuller's testimony will truly be necessary, in violation of Rule 3.7.
Accordingly, for the foregoing reasons, the defendant's motion to disqualify is denied without prejudice.
HICKEY, J.,